UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------x
ANTWANE JOHNSON, individually and on behalf of all others similarly situated,

                  Plaintiff,

   v.

HARTFORD FUNDING, LTD.,

                  Defendant.
------------------------------------------------------------x

Case No.   2:22-cv-4322

**CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff Antwane Johnson ("Plaintiff") brings this action on behalf of himself and all others similarly situated, alleging the following on information and belief against Hartford Funding, Ltd. ("Hartford Funding" or "Defendant") regarding Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA").

## JURISDICTION AND VENUE

1. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves violations of a federal statute, the TCPA.

2. This Court has personal jurisdiction over Defendant because Defendant resides in this District.

3. Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant is based in this District and because the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

## PARTIES

4. Plaintiff Antwane Johnson, at all times mentioned herein, has resided in and has been a citizen of the State of Maryland.

1

5. Defendant Hartford Funding Ltd. is a corporation organized under the laws of New York, with a principal place at 100 Crossways Park Dr. W, Suite 302 in Woodbury, NY 11797.  Defendant conducts business in this District and throughout the United States.

## FACTS COMMON TO ALL CAUSES OF ACTION

6. Plaintiff's residential phone number has been registered on the National Do-Not-Call Registry since May 4, 2012.

7. Defendant called Plaintiff multiple times in March and April of 2022 from the number 516-421-6068.

8. Defendant placed this call using an artificial or prerecorded voice without Mr. Johnson's prior consent.

9. When Plaintiff answered the calls placed by Defendant it began immediately, using a pre-recorded voice.

10. Thereafter, a recording played with an artificial and/or prerecorded telemarketing message seeking to sell home loans.  Plaintiff would then be transferred to a live representative.

11. Defendant's message addressed Plaintiff by the name "Darrell Prince."  Plaintiff told Defendant and/or Defendant's representatives on multiple occasions that he was not Darrell Prince and that he did not want to continue receiving prerecorded calls from Defendant.  However, Defendant continued to make prerecorded calls to Plaintiff.

12. Prior to the calls at issue in this action, Mr. Johnson had not had any contact with Defendant nor used any of Defendant's services.  He has never consented in writing, or otherwise, to receive prerecorded telephone calls from Defendant.

13. Defendant knowingly made (and continues to make) prerecorded calls to the telephones of Plaintiff and other consumers without the prior express written consent of the call

recipients. A cursory internet search shows that Plaintiff is not alone in receiving these unwanted and unauthorized calls:



14. In making these telemarketing calls, Defendant not only invaded the personal privacy of Plaintiff and members of the putative Class, but also intentionally and repeatedly violated the TCPA.

## CLASS ACTION ALLEGATIONS

15. **Class Definitions**: Plaintiff brings this Complaint against Defendant, pursuant to Federal Rule of Civil Procedure 23, on behalf of himself and the following Classes:

> **National Telemarketing Class**: All persons within the United States who (a) received a telephone call on his or her landline or cellular telephone; (b) made by or on behalf of Defendant; (c) in which an artificial or prerecorded voice was played; (d) at any time in the period that begins four years before the filing of the complaint in this action to the date that class notice is disseminated (the "Class Period").
>
> **National DNC Class:** All persons in the United States whose numbers are listed on the national do-not-call registry, and received two or more telemarketing calls within any 12-month period from Defendant or its agents to their residential telephone number thirty-

one (31) days or more after the telephone number was listed on the national do-not-call registry during the Class Period.

**Internal Do Not Call Class ("IDNC Class")**: All persons in the United States who received two or more telemarketing calls within any 12-month period from Defendant or its agents at least thirty-one (31) days after requesting to be placed on Defendant's do not call list or requesting that Defendant stop calling them at any time during the Class Period.

**Internal Do Not Call Prerecorded Class ("IDNCP Class")**: All persons in the United States who (a) received a telephone call on his or her landline or cellular telephone; (b) made by or on behalf of Defendant; (c) in which an artificial or prerecorded voice was played; (d) at any time during the Class Period; (e) after requesting to be placed on Defendant's do not call list or requesting that Defendant stop calling them.

16. Plaintiff represents, and is a member of, the proposed Class. Excluded from the Class is Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, any Judge and/or Magistrate Judge to whom this action is assigned, and any member of such Judges' staffs and immediate families.

17. **Numerosity.** Plaintiff does not know the exact number of members in the proposed Class, but reasonably believes, based on the scale of Defendant's business, that the Class is so numerous that individual joinder would be impracticable.

18. **Existence and predominance of common questions of law and fact.** Plaintiff and all members of the proposed Class have been harmed by the acts of Defendant in the form of multiple involuntary telephone and electrical charges, the aggravation, nuisance, and invasion of privacy that necessarily accompanies the receipt of unsolicited and harassing telephone calls, and violations of their statutory rights.

19. The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

20. The proposed Class can be identified easily through records maintained by Defendant.

21. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact involving the class claims predominate over questions which may affect individual members of the proposed class. Those common question of law and fact include, but are not limited to, the following:

    a. Whether Defendant made telephone calls to Plaintiff and class members using an artificial or prerecorded voice without their prior express consent;

    b. Whether Defendant's conduct was knowing and/or willful;

    c. Whether Defendant is liable for damages, and the amount of such damages; and

    d. Whether Defendant should be enjoined from engaging in such conduct in the future.

22. **Typicality.** Plaintiff asserts claims that are typical of each member of the Class because they are all persons who received pre-recorded calls on their telephones without their prior express written consent. Plaintiff will fairly and adequately represent and protect the interests of the proposed class, and has no interests which are antagonistic to any member of the proposed class.

23. **Adequacy of Representation.** Plaintiff will fairly and adequately represent and protect the interests of the proposed class, and has no interests which are antagonistic to any member of the proposed Class.

24. Plaintiff has retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes.

25.     **Superiority.**  A class action is the superior method for the fair and efficient adjudication of this controversy.

26.     Classwide relief is essential to compel Defendant to comply with the TCPA.

27.     The interest of the members of the proposed Class in individually controlling the prosecution of separate claims against Defendant is small because the statutory damages in an individual action for violation of the TCPA are relatively small.

28.     Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated and the members of the Class, by definition, did not provide the prior express consent required under the statute to authorize calls to their telephones.

29.     Defendant has acted on grounds generally applicable to the proposed Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the proposed Class as a whole appropriate.

30.     Moreover, on information and belief, Plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

**FIRST CAUSE OF ACTION**
**KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *et seq*.**

31.     Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.  Plaintiff brings this claim individually and on behalf of the Classes against Defendant.

32. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq*.

33. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq*., Plaintiff and members of the proposed Class are entitled to treble damages of up to $1,500.00 for each and every call made in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(C).

34. Plaintiff and members of the proposed Class are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.

35. Plaintiff and members of the proposed Class are also entitled to an award of attorneys' fees and costs.

**SECOND CAUSE OF ACTION**
**VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227,** *et seq.*

36. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein. Plaintiff brings this claim individually and on behalf of the Classes against Defendant.

37. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

38. As a result of Defendant's violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and members of the proposed Class are entitled to an award of $500.00 in statutory damages for each and every call made in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

39. Plaintiff and members of the proposed Class are also entitled to, and do, seek injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.

40. Plaintiff and members of the proposed Class are also entitled to an award of attorneys' fees and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff and all members of the proposed Class the following relief against Defendant:

a. Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

b. As a result of Defendant's willful and/or knowing violations of the TCPA, Plaintiff seeks for himself and each member of the proposed Class treble damages, as provided by statute, of up to $1,500.00 for each and every call that violated the TCPA;

c. As a result of Defendant's violations of the TCPA, Plaintiff seeks for himself and each member of the proposed Class $500.00 in statutory damages for each and every call that violated the TCPA;

d. An award of attorneys' fees and costs to counsel for Plaintiff and the proposed Class;

e. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing appropriate the Class, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firm representing Plaintiff as counsel for the Class;

f. Such other relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

Dated:  July 22, 2022                              Respectfully submitted,

By:   /s/ Yitzchak Kopel
        Yitzchak Kopel

**BURSOR & FISHER, P.A**.
Yitzchak Kopel
888 Seventh Ave.
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
E-mail: ykopel@bursor.com

*Attorney for Plaintiff*